**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATILDE PAZ DE RIVERA; LEONEL RIVERA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-71488 <br><br> Agency Nos. A200-057-555 <br> A200-057-556 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2013[**]

Before: TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Matilde Paz de Rivera and Leonel Rivera, natives and citizens of Nicaragua,

petition for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's decision denying their application for

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that the Riveras failed to establish past persecution because their experiences, even considered cumulatively, did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (past persecution finding not compelled where petitioner experienced harassment and physical encounters but "never suffered any significant physical violence"); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (continuing to live in country for six years without harm or fleeing supported conclusion that threats were insufficient to compel finding of past persecution); *Loho v. Mukasey*, 531 F.3d 1016, 1017-18 (9th Cir. 1998) (history of willingly returning to home country "militates against a finding of past persecution or a well-founded fear of future persecution"). As the Riveras have not established past persecution, they are not entitled to a presumption of future persecution. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002). Finally, substantial evidence supports the agency's determination that the Riveras did not show it is more likely than not they will suffer future persecution. *See id.* at 1095-96; *Loho*, 531 F.3d at 1017-18.

**PETITION FOR REVIEW DENIED.**

11-71488